IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VICKI SAMPSON | * | |
| Plaintiff | * | |
| v | * | Civil Action Case No. WMN-12-204 |
| SHEPPARD PRATT HOSPITAL at ELLICOTT CITY | * | |
| | * | |
| Defendant | | |

\*\*\*

# MEMORANDUM

Vicki Sampson, a self-represented plaintiff, is suing Sheppard Pratt Hospital for allegedly failing to protect her during the time she was a patient at the facility. She brings this action under 51 U.S.C § 20137 and demands at least $22 million in damages and injunctive relief ordering sensitivity training for staff and the separation of men and women in mental health facilities. Complaint, ¶¶ 15 and 19. After preliminary review, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis and dismiss this case for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h) (3).

Sampson avers that beginning around July 1, 2010, she requested "one on one staff because of safety concerns." Complaint, ¶ 8. On July 8, 2010, she noticed two male patients standing outside her door. *See id*. ¶ 9. "Sampson noticed a creamy white substance around her vaginal area on July 8, 2010-July 9, 2010." She claims Defendant was negligent in controlling patients and staff. *See id*. ¶ 18. She also alleges medical personnel were aggressive toward her. As a result of the alleged failure to protect, she claims she has continuous medical appointments.

Sampson brings this matter pursuant to 51 U.S.C. § 20137, a statutory provision that addresses malpractice and negligence suits brought against the United States for the acts of National Aeronautics and Space Administration (NASA) medical or supporting personnel acting within the scope of their employment. Sheppard Pratt Hospital is a private mental health hospital.

It is not operated by the federal government, affiliated with NASA, or operated under the auspices of the State Mental Hygiene Administration of Maryland.  Sampson presents no facts to base a claim under this statute

Federal courts are courts of limited subject matter jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir.1998).   There is no presumption of jurisdiction.  *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing Lehigh Mining & Mfg. Co. v. Kelly, 160 U.S. 337, 327 (1895).  As such, a federal court has an affirmative "duty to inquire, *sua sponte*, whether a valid basis for jurisdiction exists, and to dismiss the action if no such ground appears." *Id*. (citations omitted); *see* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  To the extent Sampson is bringing a negligence action for personal injury against a private psychiatric hospital, her claim sounds in state law and fails to state a cognizable federal claim. The parties in this matter are both located in Maryland and there are no grounds to exercise jurisdiction based on complete diversity between the parties. *See* 28 U.S.C. § 1332(a).  Consequently, the Complaint fails to establish subject matter jurisdiction and must be dismissed.  A separate Order follows.

|  |  |
|---|---|
| | /s/ |
| 2/22/2012 | _____ |
| Date | William M. Nickerson<br>Senior U. S. District Judge |